# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID DEON TIGER, ADC # 146435                                                                    PLAINTIFF

v.                                          4:15CV00498-JM-JJV

JACOB TEEL, Sergeant, Faulkner
County Detention Center; *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

David Deon Tiger ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2). He alleges that Defendant Faulkner County Detention Center violated his rights by failing to timely activate his social security or "pin" number. (*Id*. at 4.) Plaintiff claims that the failure to activate this number forced him to bargain with other inmates in order to make phone calls between April 1 and July 23 of this year. (*Id*.) He contends that Defendant Jacob Teel failed to process and answer his grievances appropriately. (*Id*.) After review of Plaintiff's Complaint, I find he has failed to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

### III.  ANALYSIS

As a preliminary matter, Plaintiff's claims against the Faulkner County Detention Facility must be dismissed.  It is settled law that departments of local government are not suable entities under section 1983.  *Ketchum v. City of West Memphis*, *Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

With respect to Defendant Teel, Plaintiff alleges only that Teel either failed to process his grievances or answered them in a manner that was not satisfactory.  (Doc. No. 2 at 4.)  He states that "Defendant Sgt. Teel is simply the responding grievance officer I believe."  (*Id*.)  Failing to process or answer a grievance does not give rise to a claim under section 1983, however.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that a failure to process grievances did not confer any substantive rights to prisoners).  Similarly, answering a grievance with a denial also fails to implicate a violation of any substantive rights.  *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

To the extent Plaintiff has additional allegations against Defendant Teel, or other viable defendants not yet named to this action, he may include that information in his objections to this

recommendation.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 11th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."